**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5154**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LENNY LEE CRAIG,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (CR-04-250)

———————

Submitted: June 22, 2006          Decided: August 14, 2006

———————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Denzil H. Forrester, DENZIL H. FORRESTER ATTORNEY AT LAW, Charlotte, North Carolina, for Appellant. Kimlani S. Murray, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lenny Lee Craig pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). The district court sentenced Craig to 84 months' imprisonment, five years of supervised release, and ordered payment of a $100 statutory assessment.[*] Craig's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed was reasonable and asserting prosecutorial misconduct. Craig was given an opportunity to file a pro se brief, and has raised one issue. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court should determine the sentencing range under the guidelines, consider the other factors under 18 U.S.C. § 3553(a) (2000), and impose a reasonable sentence within the statutory maximum. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the

_____

[*]The probation officer calculated a sentencing guideline range of 120 to 137 months' imprisonment. This calculation was founded on an adjusted offense level of 25, and a criminal history category of VI. At sentencing, the government moved for downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2004), which modified Craig's base offense level to 22, with an attendant revised guideline range of 84 to 105 months' imprisonment.

statutorily prescribed range.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006) (finding sentence imposed within properly calculated advisory guidelines range to be presumptively reasonable).

Here, the district court properly calculated the guideline range and appropriately treated the guidelines as advisory.  The court sentenced Craig only after considering the factors set forth in § 3553(a).  Based on these factors, and because the court sentenced Craig within the applicable guideline range and the statutory maximum, we find that Craig's sentence of 84 months' imprisonment is reasonable.

Craig's final contention, by counsel, is that the prosecutor should have sought an even greater downward departure, given the danger to which Craig and his family were exposed during the period of cooperation.  As he candidly admits, his claims are wanting for statutory or case law support.  Given that the government was not obligated under the plea agreement to file a departure motion with any specific reduction, and given the absence of unconstitutional or other suspect motive or bad faith by the government, Craig's claim fails.

Craig, pro se, asserts error in his presentence investigation report when the probation officer assessed him two points in his criminal history pursuant to USSG § 4A1.1(d), for committing the instant offense while Craig was on supervised

probation.  Even assuming, <u>arguendo</u>, that this two-point assessment was in error, it had no effect on Craig's sentencing, as he still would have qualified for a criminal history category of VI, even without the disputed two points.  Hence, his claim has no merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Craig's conviction and sentence.  We deny counsel's motion for permission to withdraw as counsel at this juncture.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>